1 | ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
2 | Joseph N. Akrotirianakis, State Bar No. 197971
      JAkro@aalrr.com
3 | Anthony P. Niccoli, State Bar No. 219118
      ANiccoli@aalrr.com
4 | 12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
5 | Telephone:  (562) 653-3200
Fax:  (562) 653-3333
6 |
7 | Attorneys for Plaintiff ATTEBURY GRAIN, LLC

8 |           **UNITED STATES DISTRICT COURT**

9 |          **CENTRAL DISTRICT OF CALIFORNIA**

10 |                **WESTERN DIVISION**

11 |

12 | ATTEBURY GRAIN, LLC, a limited liability company, | Case No.

13 |                                         | **COMPLAINT FOR:**
                  Plaintiff,

14 | v. | 1. FRAUDULENT TRANSFER [California Civil Code §§ 3439.04, 3439.07, 3439.09]

15 | VAC PROPERTIES, LLC, a limited liability company; VICENTE A. CORTEZ, TRUSTEE OF THE | 2. FRAUDULENT TRANSFER [California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09]

16 | VICENTE CORTEZ SEPARATE PROPERTY TRUST; VICENTE CORTEZ, an individual; and JUANA | 3. FRAUDULENT TRANSFER [California Civil Code §§ 3439.04, 3439.07, 3439.09]

17 | CORTEZ, an individual; and JUAN CORTEZ, an individual,

18 |

19 | | 4. FRAUDULENT TRANSFER [California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09]

20 |                  Defendants.

21 |

22 |        Plaintiff ATTEBURY GRAIN, LLC ("ATTEBURY") hereby complains

23 | against defendants VAC PROPERTIES, LLC; VICENTE A. CORTEZ, TRUSTEE

24 | OF THE VICENTE CORTEZ SEPARATE PROPERTY TRUST; VICENTE

25 | CORTEZ, an individual; JUANA CORTEZ, an individual; and JUAN CORTEZ, an

26 | individual, as follows:

27 |        1.     This Court has jurisdiction under 28 U.S.C. § 1332, because there is

28 | complete diversity of citizenship between the parties and an amount in controversy

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014783.00008
15479054.1

1  greater than $75,000.

<b><u>VENUE</u></b>

2.     Venue within this District is proper pursuant to 28 U.S.C. § 1391, because the events giving rise to this Complaint occurred in this District.

<b><u>PARTIES</u></b>

3.     ATTEBURY is a limited liability company organized under the laws of the State of Texas, headquartered in Amarillo, Texas.   The sole member of ATTEBURY is a corporation, incorporated under the laws of the State of Delaware and with a principal place of business in the State of Texas.

4.     Plaintiff is informed and believes, and thereupon alleges, that Defendant VICENTE CORTEZ is an individual who resides in Los Angeles, California and is domiciled in the State of California.

5.     Plaintiff is informed and believes, and thereupon alleges, that Defendant JUANA CORTEZ is an individual who resides in Los Angeles, California and is domiciled in the State of California.

6.     Plaintiff is informed and believes, and thereupon alleges, that Defendant JUAN CORTEZ is an individual who resides in Los Angeles, California, and is domiciled in the State of California.

7.     Plaintiff is informed and believes, and thereupon alleges, that Defendant VAC PROPERTIES, LLC ("VAC"), is a limited liability company organized under the laws of the State of California.  On information and belief, the "VAC" in VAC PROPERTIES, LLC, stands for "Vicente A. Cortez," and the members of VAC are VICENTE CORTEZ and JUANA CORTEZ.

8.     Plaintiff is informed and believes, and thereupon alleges, that Defendant THE VICENTE CORTEZ SEPARATE PROPERTY TRUST ("TRUST") is a trust organized under the laws of the State of California.  Defendant VICENTE CORTEZ is the trustee of the TRUST.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## GENERAL ALLEGATIONS

9.     In 2011, ATTEBURY supplied corn to Superior Grain Company ("Superior") a corn processor, founded by defendant VICENTE CORTEZ and privately held within his family.  Superior failed to pay for the corn.

10.     In May 2012, ATTEBURY filed a claim in arbitration before the National Grain and Feed Association ("NGFA"), based on Superior's failure to pay.

11.     In July 2012, VICENTE CORTEZ incorporated the Grayn Company ("Grayn").

12.     On August 31, 2012, Superior purported to cease its business operations, and the next day (September 1, 2012), VICENTE CORTEZ had his "new" company, Grayn, begin operating the same facility, using Superior's equipment and personnel (including Superior's President, VICENTE CORTEZ's son, Juan Cortez), to process Superior's inventory of corn to be sold to Superior's same customers.

13.     On February 14, 2013, the NGFA awarded $825,706.95 (the "Arbitration Award") in favor of ATTEBURY and against Superior.

14.     On April 25, 2013, VICENTE CORTEZ quitclaimed or otherwise transferred real property located at 9523-9529 E. Garvey Ave., S. El Monte, California 91733 (hereinafter "Garvey Ave. Property") to the TRUST.  Attached hereto as Exhibit "1" and incorporated herein by reference as if fully set forth is a true and correct copy of the recorded Quitclaim Deed.

15.     On April 25, 2013, VICENTE CORTEZ quitclaimed or otherwise transferred real property located at 9235 Whittier Blvd., Pico Rivera, California 90660 (hereinafter "Whittier Blvd. Property") to the TRUST.  Attached hereto as Exhibit "2" and incorporated herein by reference as if fully set forth is a true and correct copy of the recorded Quitclaim Deed.  (The Garvey Ave. Property and Whittier Blvd. Property are collectively referenced as the "2013 Transfers").

16.     Plaintiff is informed and believes, and thereupon alleges that Vicente Cortez transferred the Garvey Ave. Property and the Whittier Blvd. Property, within two months of the Arbitration Award, in anticipation of ATTEBURY's attempt to collect the Arbitration Award against not only Superior, but also VICENTE CORTEZ as Superior's alter ego.

17.     The United States District Court for the Northern District of Texas confirmed the Arbitration Award and entered judgment in favor of ATTEBURY and against Superior ("Texas Judgment").

18.     On October 1, 2013, ATTEBURY registered the Texas Judgment in the Central District of California and began collection efforts.

19.     On November 20, 2013, after VICENTE CORTEZ and Grayn had taken all of Superior's assets out of the company, Superior filed a Chapter 7 bankruptcy petition in the Central District of California when ATTEBURY, Superior's only major creditor, sought to collect on the Texas Judgment.

20.     On July 13, 2015, ATTEBURY filed an action entitled *Attebury Grain, LLC v. The Grayn Company*, et al., No. 2:15-cv-05258-R, in this District, against VICENTE CORTEZ and Grayn, based on the fraudulent transfer of assets from Superior, alleging claims for fraudulent transfer and constructive fraudulent transfer under California's Uniform Voidable Transactions Act, Cal. Civil Code § 3439 *et seq.*, and liability under the California common law of alter ego and unjust enrichment.  Attached hereto as Exhibit "3" and incorporated herein by reference as if fully set forth is a true and correct copy of the Complaint.

21.     On March 21, 2016, ATTEBURY filed a Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment ("Motion"), against VICENTE CORTEZ and Grayn.

22.     This Court granted the Motion at the April 18 hearing, recited its ruling from the bench, and directed Attebury to submit a proposed order and a proposed judgment "consistent with the Court's ruling."

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

23.     The day following the hearing at which this Court granted summary judgment in favor of Attebury and against VICENTE CORTEZ and Grayn, on April 19, 2016, VICENTE CORTEZ transferred $458,165.53 out of his checking account at Bank of the West Wealth Management to preclude Attebury from obtaining this money through a writ of execution and bank levy based on the imminent judgment. In particular, on April 19, 2016, VICENTE CORTEZ wrote a $200,000 check to his son JUAN CORTEZ, who was the President of Superior and is the general manager of Grayn.

24.     On the same day, April 19, 2016, VICENTE CORTEZ also wrote a $251,492.49 check to Bank of the West Wealth Management to pay off a mortgage on an investment property located at 4629 Gratian Street, Los Angeles, California 90022, owned by VICENTE CORTEZ and JUANA CORTEZ ("Gratian Street Property"). After paying off the mortgage, as alleged more fully below, on May 20, 2016, VICENTE CORTEZ and JUANA CORTEZ transferred the Gratian Street Property to VAC to shield it from ATTEBURY's collection efforts.

25.     On May 3, 2016, this Court issued a written order ("Order") granting summary judgment in favor of ATTEBURY in the amount $1,010,343.05. Attached hereto as Exhibit "4" and incorporated herein by reference as if fully set forth is a true and correct copy of the Order.

26.     On May 3, 2016, this Court entered Judgment ("Fraudulent Transfer Judgment") in favor of ATTEBURY against VICENTE CORTEZ and Grayn jointly and severally. Attached hereto as Exhibit "5" and incorporated herein by reference as if fully set forth is a true and correct copy of the Fraudulent Transfer Judgment. To date, VICENTE CORTEZ and Grayn have paid a total of $130.00 [1] in satisfaction of the Fraudulent Transfer Judgment.

---

[1] On January 19, 2017, U.S. Magistrate Judge Patrick J. Walsh ordered VICENTE CORTEZ to turn over $130.00 in cash that VICENTE CORTEZ had in his possession during a judgment debtor examination.

27.     Thereafter, ATTEBURY began collection efforts against VICENTE CORTEZ and Grayn.[2]  On May 11, 2016, ATTEBURY filed a Notice of Judgment Lien with the Secretary of State of the State of California, Instrument No. 16—7524935507.  Attached hereto as Exhibit "6" and incorporated herein by reference as if fully set forth is a true and correct copy of the Notice of Judgment Lien.

28.     On May 13, 2016, ATTEBURY filed Abstracts of Judgment in Los Angeles, Orange, Riverside, and San Bernardino counties, and shortly thereafter, in Ventura and San Diego counties, encumbering any real property VICENTE CORTEZ has an interest in or owns in those counties.  Attached hereto as Exhibit "7" and incorporated herein by reference as if fully set forth are true and correct copies of the Abstracts of Judgment filed in the above-referenced counties, respectively.

29.     On May 6, 2016, within three days of the Fraudulent Transfer Judgment, Plaintiff is informed and believes, and thereupon alleges that Defendants VICENTE and JUANA CORTEZ formed a limited liability company, VAC PROPERTIES, LLC ("VAC").[3]

30.     On May 20, 2016, within 17 days of the Fraudulent Transfer Judgment, and within seven days after ATTEBURY had recorded the above-referenced Abstract of Judgment in Los Angeles County, VICENTE and JUANA CORTEZ transferred the Gratian Street Property to VAC.  Attached hereto as Exhibit "8" and incorporated herein by reference as if fully set forth is a true and correct copy of the recorded Grant Deed.

---

[2] In July 2016, Grayn filed a Chapter 11 bankruptcy proceeding in this District.

[3] VAC appears to be an acronym for "Vicente Antonio Cortez," although under oath, VICENTE CORTEZ claimed he did not know what VAC stands for and that he does "not know anything about [it]," but that he nonetheless capitalized VAC with $100,000.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014783.00008
15479054.1

31.     On January 19, 2017, ATTEBURY examined VICENTE CORTEZ under oath during a Judgment Debtor Examination wherein he testified under oath that he and his wife transferred the Gratian Property to VAC to shield it from ATTEBURY's effort to collect on the Fraudulent Transfer Judgment, and that VAC was formed for that tortious purpose.

## FIRST CLAIM FOR RELIEF

### Avoidance of Intentional Fraudulent Transfer-California Civil Code
### §§ 3439.04, 3439.07, 3439.09

### (Against VAC, VICENTE CORTEZ, JUANA CORTEZ, and JUAN CORTEZ)

32.     Plaintiff hereby incorporates by reference paragraphs 1 through 31 and realleges those paragraphs as though set forth in full.

33.     Within the last four years, while ATTEBURY had a right to payment from VICENTE CORTEZ in the principal amount of at least $1,010,343.05, on or about the dates set forth above, VICENTE CORTEZ transferred cash out of his personal checking account in the amount of at least $458,165.53, including (a) a check payable to JUAN CORTEZ in the amount of $200,000; and (b) a check payable to Bank of the West Wealth Management in the amount of $251,492.49 to pay off a mortgage on the Gratian Street Property, and VICENTE CORTEZ and JUANA CORTEZ transferred property to VAC, including, but not limited to, the Gratian Street Property.  (The transfers of $458,165.53 out of VICENTE CORTEZ's checking account and of the Gratian Street Property to VAC are collectively referenced as the "2016 Transfers").

34.     At the times mentioned herein, VICENTE CORTEZ's and/or JUANA CORTEZ'S property and/or cash was improperly transferred to JUAN CORTEZ, VAC, and other persons or entities.

35.     The 2016 Transfers were made with the intent to hinder, delay, or defraud VICENTE CORTEZ'S creditor, ATTEBURY.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

36.     The 2016 Transfers constitute fraudulent transfers under the Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.

37.     In doing the things alleged herein, ATTEBURY is informed and believes, and based thereon alleges that VAC, VICENTE CORTEZ, JUANA CORTEZ, and JUAN CORTEZ acted with malice, fraud, and oppression and in conscious disregard of the rights of ATTEBURY, so as to entitle ATTEBURY to the recovery of punitive damages.

## SECOND CLAIM FOR RELIEF

**Avoidance of Constructive Fraudulent Transfer - California Civil Code**

**§§ 3439.04, 3439.05, 3439.07, 3439.09**

**(Against VAC, VICENTE CORTEZ, JUANA CORTEZ, and JUAN CORTEZ)**

38.     Plaintiff hereby incorporates by reference paragraphs 1 through 37 and realleges those paragraphs as though set forth in full.

39.     ATTEBURY was a creditor of VICENTE CORTEZ at the time of the 2016 Transfers.  That debt to ATTEBURY was unpaid at the time of the 2016 Transfers, and it remains unpaid.

40.     The 2016 Transfers were constructive fraudulent transfers within the meaning of California Civil Code section 3439.04(a)(2) and/or section 3439.05

41.     In doing the things alleged herein, ATTEBURY is informed and believes, and based thereon alleges that VAC, VICENTE CORTEZ, JUANA CORTEZ, and JUAN CORTEZ acted with malice, fraud, and oppression and in conscious disregard of ATTEBURY so as to entitle ATTEBURY to the recovery of punitive damages.

/ / /

/ / /

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

014783.00008
15479054.1

- 8 -
COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

### THIRD CLAIM FOR RELIEF

**Avoidance of Intentional Fraudulent Transfer-California Civil Code**

**§§ 3439.04, 3439.07, 3439.09**

**(Against VICENTE CORTEZ and the TRUST)**

42.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 and realleges those paragraphs as though set forth in full.

43.    The 2013 Transfers constitute fraudulent transfer under the Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.

44.    The 2013 Transfers were made with the intent to hinder, delay, or defraud VICENTE CORTEZ'S creditor, ATTEBURY.

45.    In doing the things alleged herein, ATTEBURY is informed and believes, and based thereon alleges that VICENTE CORTEZ and the TRUST acted with malice, fraud, and oppression and in conscious disregard of ATTEBURY so as to entitle ATTEBURY to the recovery of punitive damages.

### FOURTH CLAIM FOR RELIEF

**Avoidance of Constructive Fraudulent Transfer - California Civil Code**

**§§ 3439.04, 3439.05, 3439.07, 3439.09**

**(Against VICENTE CORTEZ and the TRUST)**

46.    Plaintiff hereby incorporates by reference paragraphs 1 through 45 and realleges those paragraphs as though set forth in full.

47.    ATTEBURY was a creditor of VICENTE CORTEZ, as the alter ego of Superior, at the time of the 2013 Transfers.  That debt to ATTEBURY was unpaid at the time of the 2013 Transfers, and it remains unpaid.

48.    The 2013 Transfers were constructive fraudulent transfers within the meaning of California Civil Code section 3439.04(a)(2) and/or section 3439.05.

49.    In doing the things alleged herein, ATTEBURY is informed and believes, and based thereon alleges that VICENTE CORTEZ and the TRUST acted

014783.00008
15479054.1

1   with malice, fraud, and oppression and in conscious disregard of ATTEBURY so as

2   to entitle ATTEBURY to the recovery of punitive damages.

3                                               **PRAYER**

4           **WHEREFORE**, ATTEBURY prays for judgment against Defendants as

5   follows:

6           1.      For avoidance of the 2013 Transfers and 2016 Transfers under

7   California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09.

8           2.      The Fraudulent Transfer Judgment amount of $1,010,343.05, plus

9   prejudgment interest thereon.

10          3.      For such other damages in an amount to be determined at trial.

11          4.      For punitive damages.

12          5.      For recoverable attorney fees.

13          6.      For prejudgment interest at the legal rate.

14          7.      For Plaintiff's costs of suit herein incurred.

15          8.      For such other and further relief as the Court deems equitable, just and

16  proper.

17

18  Dated: March 28, 2017                  ATKINSON, ANDELSON, LOYA, RUUD &
                                          ROMO
19
20                                        By:    /s
                                                 Joseph N. Akrotirianakis
21                                               Anthony P. Niccoli
                                                 Attorneys for Plaintiff ATTEBURY
22                                               GRAIN, LLC

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# EXHIBIT 1



**This page is part of your document - DO NOT DISCARD**

# 20130644677



Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/30/13 AT 10:11AM**

| | |
|---|---|
| FEES: | 42.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 42.00 |

**PCOR SURCHARGE $20.00**



L E A D S H E E T



201304300030012

00007631932

004828434

**SEQ:**
**05**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E534008

WHEN RECORDED MAIL TO

| | |
|---|---|
| Name | RYAN & ASSOCIATES |
| Address | 800 West Sixth St., #320 |
| City/State | Los Angeles, CA 90017 |

MAIL TAX STATEMENTS TO

| | |
|---|---|
| Name | VICENTE ANTONIO CORTEZ |
| Address | 9516 Garvey Avenue |
| City/State | South El Monte, CA 91723 |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Quitclaim Deed

The undersigned grantor(s) declare(s):          (*This conveyance transfers an interest into or out of a Living Trust, R&T 11930.)
Documentary transfer tax is $ NONE*
( ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( X ) Unincorporated area: ( ) City of South El Monte

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, VICENTE A. CORTEZ, taking title as a single man, hereby remises, releases and forever quitclaims to VICENTE A. CORTEZ, Trustee of THE VICENTE CORTEZ SEPARATE PROPERTY TRUST dated April 25, 2013, the following described real property in the County of Los Angeles, State of California:

Parcel 1. The West 55 feet of the East 65 feet of Lot 4, Block "A" of Tract No. 10666, as per map recorded in Book 186, Pages 29 and 30 of Maps, in the office of the County Recorder of said County.

Parcel 2. The Easterly 10 feet of Lot 4 and the Westerly 40 feet of Lot 5, Block "A" of Tract No. 10666, as per map recorded in Book 186, Pages 29 and 30 of Maps, in the office of the County Recorder of said County.

Commonly known as 9523-9529 E. Garvey Avenue, So. El Monte, California 91733

Dated: April 25, 2013

VICENTE A. CORTEZ

STATE OF CALIFORNIA                    ☐ SS.
COUNTY OF LOS ANGELES

On April 25, 2013, before me, ANA FLORES, Notary Public, personally appeared VICENTE A. CORTEZ, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(seal)

APN NO.  8581-037-005 & 8581-037-006



ANA FLORES
Commission # 1961380
Notary Public - California
Los Angeles County
My Comm. Expires Nov 21, 2015

- 13 -

# EXHIBIT 2

 

**This page is part of your document - DO NOT DISCARD**



# 20130644678

Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/30/13 AT 10:11AM**

| | | |
|---|---|---|
| FEES: | | 42.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 42.00 |

### PCOR SURCHARGE $20.00





L E A D S H E E T



201304300030012

00007631933



004828434

SEQ:
06

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

E534008

WHEN RECORDED MAIL TO

Name            RYAN & ASSOCIATES

Address         800 West Sixth St., #320

City/State      Los Angeles, CA  90017


MAIL TAX STATEMENTS TO

Name            VICENTE ANTONIO CORTEZ

Address         170 McDonnell Avenue

City/State      Los Angeles, CA 90022

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Quitclaim Deed

The undersigned grantor(s) declare(s):          (*This conveyance transfers an interest into or out of a Living Trust, R&T 11930.)
Documentary transfer tax is $ NONE*
( ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( X ) Unincorporated area: ( ) City of Pico Rivera

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, VICENTE ANTONIO CORTEZ, taking title as a single man, hereby remises, releases and forever quitclaims to VICENTE A. CORTEZ, Trustee of **THE VICENTE CORTEZ SEPARATE PROPERTY TRUST** dated April 25, 2013, the following described real property in the County of Los Angeles, State of California:

Lot 71 and 72 of Tract 6821, in the City of Pico Rivera, County of Los Angeles, State of California as per map recorded in Book 72, Page(s) 62, of Maps in the Office of the County Recorder of said County.

Commonly known as 9235 Whittier Blvd., Pico Rivera, California 90660

Dated: April 25, 2013

_____
VICENTE ANTONIO CORTEZ

STATE OF CALIFORNIA                           ⬚ SS.
COUNTY OF LOS ANGELES

On April 25, 2013, before me, ANA FLORES, Notary Public, personally appeared VICENTE ANTONIO CORTEZ, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

(seal)

APN NO.  6374-016-023



- 16 -

# EXHIBIT 3

1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Joseph N. Akrotirianakis State Bar No. 197971
   JAkro@aalrr.com
3  Anthony P. Niccoli      State Bar No. 219118
   ANiccoli@aalrr.com
4  12800 Center Court Drive South, Suite 300
   Cerritos, California 90703-9364
5  Telephone: (562) 653-3200
   Fax: (562) 653-3333
6
7  Attorneys for Plaintiff ATTEBURY GRAIN, LLC

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **WESTERN DIVISION**

11

| 12  ATTEBURY GRAIN, LLC, a limited | Case No. |
| liability company, | |
| 13 | **COMPLAINT FOR:** |
| Plaintiff, | |
| 14 | 1. UNJUST ENRICHMENT; |
| v. | 2. FRAUDULENT TRANSFER |
| 15 | [California Civil Code §§ 3439.04, |
| GRAYN COMPANY, a corporation; | 3439.07, 3439.09] |
| 16  VINCENTE CORTEZ, an individual, | 3. FRAUDULENT TRANSFER |
| | [California Civil Code §§ |
| 17 | 3439.04, 3439.07, 3439.09] |
| Defendants. | |
| 18 | **DEMAND FOR JURY TRIAL** |

19

20          Plaintiff ATTEBURY GRAIN, LLC ("ATTEBURY") hereby complains

21  against defendants GRAYN COMPANY and VINCENTE CORTEZ as follows:

22          1.    This Court has jurisdiction under 28 U.S.C. § 1332, because there is

23  diversity of citizenship between the parties and an amount in controversy is greater

24  than $75,000.

25                       **VENUE**

26          2.    Venue within this District is proper pursuant to 28 U.S.C § 1391,

27  because the events giving rise to this Complaint occurred in this District.

28

014783.00008
13158787.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## PARTIES

3.    ATTEBURY is a limited liability company organized under the laws of the State of Texas, headquartered in Amarillo, Texas.

4.    Defendant GRAYN COMPANY ("GRAYN"), is a corporation formed under the laws of the State of California with a principal place of business in Vernon, California.

5.    Plaintiff is informed and believes, and thereupon alleges, that Defendant VINCENTE CORTEZ ("CORTEZ") is an individual who resides in Vernon, CA.

6.    Plaintiff is informed and believes, and thereon alleges, that there exists, and at all times relevant there has existed, a unity of interest between the Superior Grain Company (hereinafter "Debtor" or "Superior") and GRAYN and CORTEZ, such that any individuality and separateness between and among them has ceased, Defendants GRAYN and CORTEZ are the alter egos and successors of Superior Grain, and adherence to the fiction of the separate existence of each of the corporations and individual as entities distinct and separate from one another would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

## GENERAL ALLEGATIONS

7.    ATTEBURY is informed and believes, and thereon alleges, that Superior was founded and incorporated as an S Corporation in 2008, wherein CORTEZ owned 100% of the shares of stock.

8.    In or about 2011, ATTEBURY entered into contracts (Contract nos. 55854 and 56038) with Superior to deliver 110,000 bushels of U.S. # 1 white corn. These contracts expressly provided that any dispute arising under the contracts would be submitted to arbitration under the rules adopted by the National Grain and Feed Association.   Superior accepted the shipments of U.S. # 1 white corn and failed to pay the agreed upon amount for these shipments.

014783.00008
13158787.1

- 2 -
COMPLAINT

Case 2:15-cv-05258   Document 1   Filed 07/13/15   Page 3 of 17   Page ID #:3

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

9.     ATTEBURY pursued arbitration of its failure to pay claim against Superior before the National Grain and Feed Association as case no. 2606.   The National Grain and Feed Association arbitration decision was issued on February 14, 2013 ("Arbitration Award").     The arbitration committee determined that ATTEBURY was entitled to $825,706.95 on its claims against Superior.

10.     On July 16, 2013, ATTEBURY confirmed the arbitration award and obtained judgment against Superior (the "Judgment") in the United States District Court for the Northern District of Texas, Case No. 2:13-CV-00058-J (the "Texas Action").   Attached hereto as Exhibit "A" and incorporated herein by reference as if fully set forth is a true and correct copy of the Judgment.   To date, Superior has not paid anything in satisfaction of the Judgment.

11.     On or about August 2, 2013, ATTEBURY recorded a Notice of Judgment Lien.   Attached hereto as Exhibit "B" and incorporated herein by reference as if fully set forth is a true and correct copy of the Notice of Judgment Lien.

12.     On October 1, 2013, ATTEBURY registered the Judgment in United States District Court for the Central District of California, Case No. 13-MC-00328. Attached hereto as Exhibit "C" and incorporated herein by reference as if fully set forth is a true and correct copy of the registration of the Judgment in the Central District of California, and ATTEBURY began pursuing collection efforts against Superior.

13.     On or our about October 16, 2014, Superior filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

14.     Plaintiff is informed and believes and thereon alleges that Superior ran up insurmountable debts, including the debt to ATTEBURY.   Rather than satisfy its debts, Superior purported to close its doors, only for CORTEZ and his family to open and operate the exact same business, now named GRAYN, pretending it was not the same company.

15.    Plaintiff is informed and believes and thereon alleges that GRAYN is Superior, the distinction between the two being in name only.  GRAYN is owned by the same individuals as Superior; operates out of the same office as Superior; utilizes the same equipment previously used by Superior; and even has the same telephone number as Superior.

**GRAYN and Superior Are the Same Entity**

16.    Plaintiff is informed and believes and thereon alleges that Superior and GRAYN share, among other things, (1) the office space, address and telephone numbers; (2) the same ownership, officers, and directors; (3) the same employees and independent contractors; (4) the same customers; (5) the same equipment; and (6) other assets.

**A.    GRAYN Opened Virtually Simultaneously With Superior's Supposed "Shut Down"**

17.    Records of the California Secretary of State indicate that GRAYN was incorporated on or about July 9, 2012, approximately three weeks before Superior supposedly closed its doors on August 31, 2012.  In fact, Superior never stopped operating, but simply changed its name to GRAYN.

**B.    Superior and GRAYN Operate the Same Business**

18.    GRAYN conducts the same type of business that Superior engaged in pre-petition, that is, to process and clean white corn used mainly in tortilla products.

**C.    Superior and GRAYN Have the Same Ownership**

19.    GRAYN and Superior have the same ownership, Vincent A. Cortez was/is the 100% shareholder of Superior/GRAYN.

**D.    Superior and GRAYN Have the Same Address and Use the Same Phone Number**

20.    Superior and GRAYN have the same business location and address, 2712 E. 46th Street, Vernon, CA 90058.

21.    GRAYN is operating out of the same building as Superior.

Case 2:15-cv-05258   Document 1   Filed 07/13/15   Page 5 of 17   Page ID #:5

22.     GRAYN uses the same or at least one of the same telephone numbers that Superior had used.

**E.     Superior and GRAYN Have Identical Employees**

23.     Plaintiff is informed and believes and thereon alleges both Superior and GRAYN share identical employees.

**F.     Superior and GRAYN Have Identical Customers**

24.     Plaintiff is informed and believes and thereon alleges GRAYN is serving the same customers in the operation of its business that Superior served.

**G.     GRAYN Uses Superior's Equipment to Run Its Identical Business**

25.     GRAYN is using the same equipment utilized by Superior to conduct its pre-petition business operations.

26.     As CORTEZ's son Juan Manuel Cortez has testified, GRAYN uses the same equipment that Superior used to run its identical business, including but not limited to the following:

- Three (3) Grain Elevators;
- Three (3) Bins;
- Metal Silos;
- Conveyors;
- Color Sorter;
- Blowers; and
- Grain Cleaner.

**H.     GRAYN Paid No Consideration for the Equipment or Other Assets of Superior Now Used By GRAYN**

27.     GRAYN did not give any consideration for the Superior equipment that it is now using.

**I.     The Books and Records of Superior Are Kept at GRAYN'S Offices**

28.     The books and records of Superior are now maintained by GRAYN at the office out of which GRAYN now operates, once Superior's office.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## FIRST CLAIM FOR RELIEF

### Unjust Enrichment

### (Against THE GRAYN COMPANY and CORTEZ)

29.     Plaintiff incorporates and realleges paragraphs 1 through 29 as though fully set forth herein.

30.     Plaintiff is informed and believes and thereon alleges Defendants GRAYN and CORTEZ acquired Superior's funds or other assets for less than fair and reasonable value and without the Debtor Superior's proper consent.

31.     Plaintiff is informed and believes and thereon alleges that Defendants GRAYN and CORTEZ now have possession of the funds and/or assets for which Superior received no valuable consideration, in an amount known only to GRAYN and CORTEZ.

32.     Plaintiff is informed and believes and thereon alleges Defendants GRAYN and CORTEZ knew or should have known that they were not entitled to Superior's funds and/or assets.

33.     Plaintiff is informed and believes and thereon alleges Defendants GRAYN and CORTEZ have transferred or caused to be transferred, without consideration or justification, all of the remaining assets of the Debtor, Superior, to Defendant GRAYN and CORTEZ.

34.     As a proximate result of the wrongful retention of the Debtor's funds or other assets by Defendants GRAYN and CORTEZ, as alleged above, GRAYN and CORTEZ have been unjustly enriched.

35.     As alter egos of Superior, GRAYN and CORTEZ are required to satisfy the $825,706.95 Judgment, which remains due and owing, all to Plaintiff's damages suffered at the hands of GRAYN and CORTEZ's unjust enrichment.

014783.00008
13158787.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## SECOND CLAIM FOR RELIEF

### Avoidance of Intentional Fraudulent Transfer-California Civil Code

### §§ 3439.04, 3439.07, 3439.09

### (Against THE GRAYN COMPANY and CORTEZ)

36.     Plaintiff hereby incorporates by reference paragraphs 1 through 36 and realleges those paragraphs as though set forth in full.

37.     Plaintiff is informed and believes and on that basis alleges, during the four (4) years prior to the date of Superior's bankruptcy petition, Superior transferred its assets to GRAYN and CORTEZ, including, but not limited to, the assets and equipment and property alleged above (collectively referred to as the "Transfers").

38.     At the times mentioned herein, Superior's assets and property were improperly transferred to GRAYN and CORTEZ and possibly others.

39.     Plaintiff is informed and believes and on that basis alleges that the Transfers constitute a transfer of property prohibited by the Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.

40.     Plaintiff is informed and believes and on that basis alleges that the Transfers were made with the intent to hinder, delay, or defraud Superior's creditor, ATTEBURY.

41.     Plaintiff may avoid the Transfers pursuant to California Civil Code § 3439.04, et seq., and Plaintiff is entitled to be compensated the $825,706.95 Judgment out of the Transfers, because GRAYN and CORTEZ are the alter ego of Superior.

/ / /

/ / /

/ / /

014783.00008
13158787.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**THIRD CLAIM FOR RELIEF**

**Avoidance of Constructive Fraudulent Transfer - California Civil Code**

**§§ 3439.04, 3439.05, 3439.07, 3439.09**

**(Against THE GRAYN COMPANY and CORTEZ)**

42.     Plaintiff hereby incorporates by reference paragraphs 1 through 42 and realleges those paragraphs as though set forth in full.

43.     Plaintiff is informed and believes and based thereon alleges that during the four (4) years prior to the Petition Date, Superior transferred its assets to Defendants GRAYN and CORTEZ, including but not limited to the Transfers.  At the times mentioned herein, Superior's property was improperly transferred by Defendant GRAYN and CORTEZ or by others on GRAYN's and CORTEZ's behalf to Defendant GRAYN and CORTEZ and possibly others.

44.     Plaintiff is informed and believes and on that basis alleges that the Transfers constitute a transfer of property prohibited by the Uniform Fraudulent Transfer Act, California Civil Code § 3439, et seq.

45.     Plaintiff is informed and believes and on that basis alleges that there are present creditors of Superior, principally ATTEBURY, that existed at the time of the Transfers that remain unpaid as of the Petition Date and continue to remain unpaid.

46.     Plaintiff is informed and believes and on that basis alleges that the Transfers were made:  (a) for less than reasonably equivalent value, or any value, in exchange for said transfers; (b) while Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or the transaction; (c) while Debtor intended to incur, or believed or reasonably should have believed Debtor would incur, debts beyond Debtor's ability to pay them as they became due; (d) at a time while Debtor was insolvent and/or was rendered insolvent by virtue of the transfers; (e) after the debtor had been sued or threatened with suit; and/or (f) Debtor

014783.00008
13158787.1

- 8 -

COMPLAINT

1  transferred the essential assets of the business to a lienholder who transferred the
2  assets to an insider of the debtor.

3       47.    Based on the forgoing, Plaintiff may avoid the Transfers pursuant to
4  California Civil Code §§ 3439.04, 3439.05, 3439.07, 3439.09, and Plaintiff is
5  entitled to be compensated the $825,706.95 Judgment out of the Transfers, because
6  GRAYN and CORTEZ are the alter egos of Superior.

7                                    **PRAYER**

8       **WHEREFORE**, ATTEBURY prays for judgment against Defendants as
9  follows:

10      1.     Awarding Plaintiff at least the Judgment amount of $825,706.95.

11      2.     For avoidance of the Transfers under California Civil Code §§ 3439.04,
12  3439.05, 3439.07, 3439.09.

13      3.     For damages in the sum to be determined at trial.

14      4.     For recoverable attorney fees.

15      5.     For interest at the legal rate.

16      6.     For Plaintiff's costs of suit herein incurred.

17      7.     For such other and further relief as the Court deems equitable, just and
18  proper.

19

20                          **DEMAND FOR JURY TRIAL**

21      Plaintiff hereby demands a trial by jury of all claims and causes of action
22  asserted in this Complaint.

23

24  Dated: July 13, 2015            ATKINSON, ANDELSON, LOYA, RUUD &
                                    ROMO
25

26                                  By:    /s/
27                                       Joseph N. Akrotirianakis
                                         Attorneys for Plaintiff ATTEBURY
28                                       GRAIN, LLC

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# EXHIBIT A

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

By /s/ BELIA GONZALES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
September 20, 2013

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUL 16   AM 11: 18

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ATTEBURY GRAIN, LLC        §
                          §
VS.                       §
                          §        CIVIL ACTION NO. 2:13-cv-00058-J
                          §
SUPERIOR GRAIN COMPANY     §

2:13MC324

### FINAL JUDGMENT

Judgment is entered for Plaintiff Attebury Grain, LLC and against Superior Grain Company for $825,706.95. This judgment is a final judgment on the causes of action of Plaintiff Attebury Grain, LLC.

The Court having granted Plaintiff's motion for entry of a final default judgment in favor of the Plaintiffs, it is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff Attebury Grain, LLC have and recover the sum of Eight Hundred Twenty Five Thousand, Seven Hundred and Six Dollars and Ninety-Five Cents ($825,706.95) in damages from Defendant Superior Grain Company, their court costs as supported by a timely filed bill of costs; and it is

FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff recover post-judgment interest on the total amount awarded herein at an annual rate of 0.11% per annum from the date of this Judgment until it is paid in full.

IT IS SO ORDERED, ADJUDGED and DECREED.

Signed and Entered on the _16th_ day of _July_ 2013.

_Mary Lou Robinson_
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT -- PAGE SOLO

# EXHIBIT B

**NOTICE OF JUDGMENT LIEN**
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form.)

A  NAME & PHONE OF FILER'S CONTACT (optional)
Davis Purcell

B  SEND ACKNOWLEDGMENT TO  (NAME AND ADDRESS)

Davis Purcell
Wells, Purcell & Kraatz, P.C.
1619 Pennsylvania Ave.
Fort Worth, Texas 76104
(817) 335-5525
(817) 335-6208 (Fax)
dpurcell@wpklawfirm.com

13-7372521495
08/02/2013 17:00



FILED
CALIFORNIA
SECRETARY OF STATE
SOS

38870950002   UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME** – Insert only one name, either 1a or 1b.  Do not abbreviate or combine names.

| 1a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Superior Grain Company | | | | |

| 1b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2721 E. 46th Street | Vernon | CA | 90058 | US |

**2. JUDGMENT CREDITOR'S  NAME** – Do not abbreviate or combine names.

| 2a ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Attebury Grain, LLC | | | | |

| 2b INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3905 Bell Street, Suite A | Amarillo | TX | 79109 | US |

**3** ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.

A.  Title of court where judgment was entered  In the United States District Court,

Northern District of Texas - Amarillo Division

B.  Title of the action  Attebury Grain, LLC v. Superior Grain Company

C.  Number of this action  Civil Action No 2:13-cv-00058-J

D.  Date judgment was entered  July 16, 2013

E.  Date of subsequent renewals of judgment (if any)

F.  Amount required to satisfy judgment at date of this notice: $ $825,706.95

G.  Date of this notice  July 30, 2013

**4**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Dated  July 31, 2013

SIGNATURE – SEE INSTRUCTION NO. 4  Davis Purcell, Wells, Purcell & Kraatz  (If not indicated, use same as date in item 3G.)

FOR  Attorney for Attebury Grain, LLC

FILING OFFICE COPY

NOTICE OF JUDGMENT LIEN (FORM JL1) (Rev. 6/01)
Approved by the Secretary of State

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUL 16  AM 11: 16

DEPUTY CLERK _____

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

ATTEBURY GRAIN, LLC            §
                               §
VS.                            §       CIVIL ACTION NO. 2:13-cv-00058-J
                               §
                               §
SUPERIOR GRAIN COMPANY         §

### FINAL JUDGMENT

Judgment is entered for Plaintiff Attebury Grain, LLC and against Superior Grain Company for $825,706.95. This judgment is a final judgment on the causes of action of Plaintiff Attebury Grain, LLC.

The Court having granted Plaintiff's motion for entry of a final default judgment in favor the Plaintiffs, it is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff Attebury Grain, LLC have and recover the sum of Eight Hundred Twenty Five Thousand, Seven Hundred and Six Dollars and Ninety-Five Cents ($825,706.95) in damages from Defendant Superior Grain Company, their court costs as supported by a timely filed bill of costs; and it is

FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff recover post-judgment interest on the total amount awarded herein at an annual rate of 0.11% per annum from the date of this Judgment until it is paid in full.

IT IS SO ORDERED, ADJUDGED and DECREED.

Signed and Entered on the 16th day of July, 2013.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT – PAGE SOLO

# EXHIBIT C

Case 2:13-cv-05258-UD   Document 1   Filed 07/13/01   Page 16 of 17   Page ID #:16

AO 451 (Rev. 01/09)  Clerk's Certification of a Judgment to be Registered in Another District

FILED
CLERK, U.S. DISTRICT COURT

OCT - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                   DEPUTY

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | |
|---|---|
| ATTEBURY GRAIN, LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| SUPERIOR GRAIN COMPANY | ) |
| *Defendant* | ) |

2:13ML 328

Civil Action No. 2:13-CV-00058-J

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*    07/16/2013    .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:    09/20/2013

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*



CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

By /s/ BELIA GONZALES
DEPUTY CLERK
U.S. DISTRICT COURT NORTHERN
DISTRICT OF TEXAS
September 20, 2013

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUL 16  AM II: 18

DEPUTY CLERK _____

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

ATTEBURY GRAIN, LLC          §
                             §
VS.                          §        CIVIL ACTION NO. 2:13-cv-00058-J
                             §
SUPERIOR GRAIN COMPANY       §
                             §

2:13ML3280

### FINAL JUDGMENT

Judgment is entered for Plaintiff Attebury Grain, LLC and against Superior Grain Company for $825,706.95. This judgment is a final judgment on the causes of action Plaintiff Attebury Grain, LLC.

The Court having granted Plaintiff's motion for entry of a final default judgment in favor the Plaintiffs, it is therefore

ORDERED, ADJUDGED and DECREED that Plaintiff Attebury Grain, LLC have and recover the sum of Eight Hundred Twenty Five Thousand, Seven Hundred and Six Dollars and Ninety-Five Cents ($825,706.95) in damages from Defendant Superior Grain Company, their court costs as supported by a timely filed bill of costs; and it is

FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff recover post-judgment interest on the total amount awarded herein at an annual rate of 0.11% per annum from the date of this Judgment until it is paid in full.

IT IS SO ORDERED, ADJUDGED and DECREED.

Signed and Entered on the _____ day of _____, 2013.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

FILED
CLERK, U.S. DISTRICT COURT
OCT - 1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

---

FINAL JUDGMENT – PAGE SOLO

# EXHIBIT 4

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATTEBURY GRAIN, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GRAYN COMPANY, a corporation; VICENTE CORTEZ, an individual,<br><br>Defendants. | Case No. 2:15-cv-05258 R(PJWx)<br><br>**ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF ATTEBURY GRAIN, LLC** |

On April 18, 2016, this Court heard the Motion of Plaintiff Attebury Grain, LLC ("Attebury") for Summary Judgment or, in the Alternative, Partial Summary Judgment (the "Motion"). The Court, having considered all memoranda of points and authorities and all evidence presented in support of, and opposition to, the Motion, and having provided counsel the opportunity to present oral argument on the Motion, granted the Motion.

## I.

## Applicable Legal Standards

A court shall grant summary judgment if the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment

as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has the burden of proof, it must affirmatively demonstrate that no reasonable fact finder could find other than for the moving party. *Celotex*, 477 U.S. at 323. On an issue for which the opposing party has the burden of proof, the moving party need only point out the absence of evidence to support the opposing party's contentions. *See id.* If the moving party shows there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence to demonstrate an issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A dispute of fact is genuine only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is material only if it could affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the record taken as a whole could not lead a rational fact finder to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party cannot rely on mere allegations or denials contained in the pleadings. *See id.* "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## II.

## Uncontroverted Facts

The salient facts surrounding the transfers of assets from debtor Superior Grain, Inc. ("Superior"), to defendants Vicente Cortez and Grayn Company (collectively "Defendants"), those facts demonstrating Defendant Grayn Company is a mere continuation of Superior, and those facts demonstrating Superior, and Defendants Grayn Company and Vicente Cortez are alter egos are uncontroverted.

1.      Defendant Vicente Cortez founded Superior.

014783.00008
13981018.1

2.     Superior's business was processing corn and selling it to tortilla factories in Southern California.

3.     In March and May 2011, Plaintiff Attebury supplied corn to Superior on credit.

4.     On May 10, 2012, Attebury filed an arbitration claim against Superior before the National Grain and Feed Association ("NGFA"), pursuant to the terms of contracts between Attebury and Superior.

5.     On July 9, 2012, Defendant Vicente Cortez formed Defendant Grayn Company.  On or about August 31, 2012, Superior ceased operations.

6.     In or about September 2012, Defendant Grayn Company began operations.   Superior was, and Defendant Grayn Company is, a corn processing company.

7.     Superior, Defendant Vicente Cortez, and Defendant Grayn Company caused the transfer of substantially all assets of Superior — including its essential equipment, facilities, inventory, and personnel — to Defendant Vicente Cortez and Defendant Grayn Company.

8.     On February 14, 2013, NGFA arbitrators made an award of $825,706.95 in favor of Attebury and against Superior (the "Arbitration Award").

9.     On July 16, 2013, the United States District Court for the Northern District of Texas confirmed the Arbitration Award and entered judgment in the amount of $825,706.95 in favor of Attebury and against Superior, and the clerk of the Northern District of Texas issued a Certification of a Judgment to Be Registered in Another District.

10.     On October 1, 2013, Attebury caused its judgment to be registered in the Central District of California.

11.     On November 20, 2013, Superior filed a voluntary petition for Chapter 7 bankruptcy.  Superior did not list any property, assets, cash or any other thing of value in its bankruptcy petition.

12.     Attebury has received nothing on its judgment against Superior.

13.     Vicente Cortez along with insider family members, including Juan Cortez and Jose Cortez, exerted personal control over both Superior and Defendant Grayn Company over the years while appearing not to follow corporate formalities.

## III.

### Conclusions of Law[1]

The plaintiff bears the burden of proving each element of its claims. *See Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Attebury has done so for each of its claims.

### A.     Fraudulent Transfer

1.     California law voids transfers made for the purpose of hindering, delaying, or defrauding creditors. Cal. Civ. Code § 3439.04(a)(1). Proof of intent to hinder, delay, or defraud may be inferred from the circumstances surrounding the transfers. *See Filip v. Bucurenchu*, 129 Cal.App.4th 825, 834 (2005); *Maguire v. Corbett*, 119 Cal.App.2d 244, 249 (1953). As addressed below, the California Uniform Voidable Transactions Act sets forth factors to be considered when inferring intent, such as whether the transfer or obligation was to an insider and whether the debtor retained possession or control of the property transferred after the transfer, among others, are used by courts to determine the actual intent of the transferring parties. These statutory factors, however, are meant to provide guidance to the trial court, not compel a finding one way or the other. Cal. Civ. Code § 3439.04(b).

2.     The elements of a claim for Fraudulent Transfer are set forth in Judicial Council of California Civil Jury Instructions ("CACI") No. 4200, as follows and as applied to this case:

---

[1] If any conclusion of law herein is a finding of fact, or vice versa, it shall be treated as such.

1.   Plaintiff Attebury had a right to payment from Superior;

2.   Superior transferred property to Defendant Vicente Cortez and Defendant Grayn Company;

3.   Defendants and Superior transferred property with the intent to hinder, delay, or defraud Plaintiff;

4.   Plaintiff was harmed; and

5.   Superior's conduct was a substantial factor in causing Plaintiff's harm.

3.   It is uncontroverted that Attebury had a right to payment from Superior and that Superior transferred property to Defendant Vicente Cortez and Defendant Grayn Company. Because of the transfer of property from Superior to Defendants, Attebury was unable to collect its judgment against Superior. With respect to whether Defendants and Superior transferred property with the intent to hinder, delay, or defraud Plaintiff, the Section 3439.04(b) factors, as applied to the uncontroverted facts herein, establish that Superior and Defendants acted with intent to hinder, delay, or defraud Attebury and participated in the transfer of substantially all of Superior's assets to avoid paying the Arbitration Award. The transfer kept the assets within the Cortez family and occurred between insiders. The material facts surrounding this transfer are uncontested:

a.   Superior's business was processing corn and selling it to tortilla factories in Southern California.

b.   In March and May 2011, Attebury supplied corn to Superior on credit.

c.   On May 10, 2012, Attebury filed a claim in arbitration against Superior for breach of contract for failure to pay for the corn.

d.   Two months later, on July 9, 2012, Defendant Vicente Cortez incorporated Grayn Company.

e.   On August 8, 2012, Juan Cortez "dba Superior Grain, Inc." entered into a sublease agreement with Defendant Grayn Company, pursuant to

1  which Defendant Grayn Company would sublease Superior's facilities beginning
2  September 1, 2012.

3          f.      On August 31, 2012, Superior ceased operations.

4          g.     In or about September 2012, Defendant Grayn Company began
5  operating the same business as Superior, that is, processing white corn to be sold to
6  tortilla manufacturers, in the same facility previously used by Superior.

7          h.     Defendant Grayn Company uses Superior's same equipment and
8  employees and services the same clients.  Although Defendants dispute whether
9  "all" or just "some" of Superior's equipment is still in use by Defendant Grayn
10  Company, it is uncontroverted that for all intents and purposes, Defendant Grayn
11  Company is a mere continuation of the debtor, Superior.

12          i.      On February 14, 2013, Attebury obtained an $825,706.95
13  arbitration award against Superior arising from Superior's nonpayment for the corn.
14  Judgment was entered by the United States District Court for the Northern District
15  of Texas, and the judgment was registered in this District.

16          j.      On November 20, 2013, Superior filed a bankruptcy petition
17  under Chapter 7 of the United States Bankruptcy Code.  Superior did not list any
18  property, assets, cash or any other thing of value in its bankruptcy petition.

19          k.     Attebury has received nothing on its judgment against Superior.

20          l.      Superior incurred its debt to Attebury before Superior transferred
21  substantially all of its assets to Defendants.  Indeed, Attebury even filed its claim in
22  arbitration before the transfers.

23          m.    Superior was insolvent at the time of the transfers or became
24  insolvent shortly thereafter, and later filed for bankruptcy.  Neither Superior nor
25  Defendants provided notice of the transfers to Attebury.

26      4.     As discussed above, the intent to hinder, delay, or defraud any creditor
27  may be inferred from the factors set forth in California Civil Code § 3439.04(b).
28  These factors are: (1) Whether the transfer or obligation was to an insider; (2)

Whether the debtor retained possession or control of the property transferred after the transfer; (3) Whether the transfer or obligation was disclosed or concealed; (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) Whether the transfer was of substantially all the debtor's assets; (6) Whether the debtor absconded; (7) Whether the debtor removed or concealed assets; (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) Whether the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor. Cal. Civ. Code § 3439.04(b). Based on the uncontroverted evidence before the Court, a reasonable fact finder could conclude only that Defendants' and Superior's intent was to hinder, delay, or defraud Attebury.

5. Based on the many facts which remain uncontested here, Plaintiff is entitled to summary judgment on its fraudulent transfer claim against Defendants.

**B. Constructive Fraudulent Transfer**

6. Constructive fraudulent transfers are voidable under California Civil Code sections 3439.04(a)(2) or 3439.05. Under section 3439.04(a)(2), a transfer is voidable if the debtor did not receive reasonably equivalent value and either (a) was engaged, or was about to engage, in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (b) believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as they became due.

7. Under section 3439.05, a transfer is voidable if (1) the obligation to the creditor arose before the transfer; (2) the debtor did not receive reasonably equivalent value; and (3) the debtor was insolvent at that time or became insolvent

014783.00008
13981018.1

as a result of the transfer. Cal. Civ. Code § 3439.05. The elements necessary to establish a claim for Constructive Fraudulent Transfer are set forth in the CACI Nos. 4202 and 4203, as follows and as applied to this case:

      8.     Under California Civil Code § 3439.04(a)(2):

          1.     Plaintiff had a right to payment from Superior;

          2.     Superior transferred property to Defendants Vicente Cortez and Grayn Company;

          3.     Superior did not receive a reasonably equivalent value in exchange for the transfer;

          4.     Superior believed or reasonably should have believed that it would incur debts beyond its ability to pay as the debts became due;

          5.     Plaintiff was harmed; and

          6.     Superior's conduct was a substantial factor in causing Plaintiff Attebury's harm.

CACI No. 4202.

      9.     Under California Civil Code § 3439.05:

          1.     Plaintiff Attebury had a right to payment from Superior;

          2.     Superior transferred property to Defendants;

          3.     Superior did not receive a reasonably equivalent value in exchange for the transfer;

          4.     Plaintiff Attebury's right to payment from Superior arose before Superior transferred property;

          5.     Superior was insolvent at that time of the transfer or became insolvent as a result of the transfer;

          6.     That Plaintiff was harmed; and

          7.     Superiors' conduct was a substantial factor in causing Plaintiff's harm.

CACI No. 4203.

      10.     The uncontroverted evidence establishes that Plaintiff Attebury is entitled to judgment as a matter of law on a claim under both Section 3439.04(a)(2) and Section 3439.05. It is uncontroverted that the transfer of assets from Superior to

Defendants did not involve payment of the reasonably equivalent value of the assets. Defendants instead funded these transfer largely through intra-family loans of which no evidence suggests will ever need to be paid. In July 2012, Defendant Vicente Cortez wrote three checks for Superior for a total of $140,000. Even assuming this money was for Superior' assets, it does not raise a genuine dispute of fact regarding constructive fraudulent transfer, because $140,000 was not reasonably equivalent value for all of Superior's assets.

11.    It is uncontroverted that the transfer occurred despite obligations to plaintiff and resulted in stripping Superior of any chance at solvency with which to pay plaintiff that which it owed, having used this transfer scheme to manipulate bankruptcy rules to receive the benefit of plaintiff's merchandise with the apparent intent never to have to pay plaintiff for this benefit.

12.    At the time of the transfer, Superior believed or reasonably should have believed that it would incur an adverse judgment in the arbitration beyond its ability to pay. Superior's obligation to pay Attebury for the merchandise arose before the transfer. Superior was insolvent or became insolvent as a result of the transfer, and Superior later declared bankruptcy.

13.    Based on the uncontroverted evidence before the Court, Plaintiff is accordingly entitled to summary judgment on its constructive fraudulent transfer claim under California Civil Code section 3439.04(a)(2) or section 3439.05, or both.

### C.    Unjust Enrichment

14.    A defendant is required to make restitution if the defendant was unjustly enriched at the expense of the plaintiff. *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662 (1992). A person is enriched if the person receives a benefit at another's expense. *Id.* A benefit is any type of advantage. *Id.*

15.    Defendants and Superior were unjustly enriched by receiving the benefit of Attebury's merchandise without paying for it, which resulted in the Arbitration Award.

16.     Defendants were unjustly enriched by the transfer of Superior's business to Defendant Grayn Company without compensating Attebury or paying reasonably equivalent value to Superior, which monies would then have been available to satisfy Attebury's judgment against Superior.

17.     Moreover, Defendants are the successors and/or alter egos of Superior, as discussed below, and were unjustly enriched by Superior's unjust enrichment at the expense of Attebury.

18.     Plaintiff is entitled to summary judgment on its unjust enrichment claim against Defendants based on the uncontroverted evidence before the Court.

**D.     Successor Liability and Alter Ego**

19.     An acquiring company assumes the liability of the acquired company as its successor if the acquiring company is a mere continuation of the acquired company. *See Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977).

20.     The essence of the alter ego doctrine is that justice be done. *Mesler v. Bragg Mgmt. Co.*, 39 Cal.3d 290, 300 (1985). There are two requirements for veil piercing: (1) unity of interest and ownership such that the separate personalities of the company and the alleged alter ego no longer exist; and (2) inequity that would follow if the acts are attributed to the company alone. *Id.* "There is no litmus test to determine when the corporate veil will be pierced; rather the result will depend on the circumstances of each particular case." *Id.* California law provides several factors for the courts to consider. *See Mid-Century Ins. Co. v. Gardner,* 9 Cal.App.4th 1205, 1213 n.3 (1992).

21.     The uncontroverted facts establish that Defendant Grayn Company was a mere continuation of Superior. The same facility, equipment and personal are used to service the same clients. Although there is some dispute as to whether "all" or just "some" of Superior's equipment is still in use by Defendant Grayn Company, the uncontroverted facts make clear that for all intents and purposes, Defendant Grayn Company is a mere continuation of the debtor Superior. When examining the

1  fact that Superior was founded by Defendant Vicente Cortez, who, along with
2  insider family members, had exerted personal control over both Superior and
3  Defendant Grayn Company over the years while appearing to not follow corporate
4  formalities, it is clear that Defendant Vicente Cortez, Defendant Grayn Company,
5  and the previous debtor, Superior, are ultimately manifestations of the same
6  company doing the same work while trying to avoid paying their bills.

7      22.    Moreover, considering the unity of the interest between parties and the
8  injustice that would follow if Defendants were not considered alongside debtor
9  Superior, piercing the corporate veil of Superior to hold Defendants Vicente Cortez
10 and Grayn Company liable for Superior's debt to Plaintiff Attebury is appropriate in
11 this case based on the uncontroverted evidence before the Court.

12      **E.    Pre-and-Post-Judgment Interest**

13      23.    Prejudgment Interest:    In diversity cases, state law controls pre-
14 judgment interest. *James B. Lansing Sound, Inc. v. Nat'l Union Fire Ins. Co. of*
15 *Pittsburgh, Pa.*, 801 F.2d 1560, 1569 (9th Cir. 1986), *amended* 981 F.2d 1549 (9th
16 Cir. 1992).   Under California law, damages must have been calculable at the time in
17 order to recover pre-judgment interest.  Cal. Civil Code §§ 3287, 3289.  In cases
18 where interest is awarded on non-contractual claims, the rate is 7% per annum from
19 the date the claim arose.  Cal. Const. Art. XV § 1.

20      24.    The uncontroverted facts herein establish that although Attebury's
21 claims arose before the Arbitration Award, no later than September 2012, when
22 Superior ceased doing business, having transferred substantially all of its assets to
23 Defendants.   Defendants are the alter egos of Superior and Defendant Grayn
24 Company is the successor to Superior.   Attebury's claims against Defendants
25 became liquidated on February 14, 2013, at the time Attebury received its
26 Arbitration Award in the amount of $825,706.95 from the National Grain & Feed
27 Association ("NGFA").  Plaintiff is accordingly entitled to prejudgment interest at
28 the rate of 7% per annum on its calculable damages of $825,706.95 (which produces

a daily rate of $158.35) from February 14, 2013, until Judgment is entered in this action. As of April 25, 2016, the prejudgment interest since February 14, 2013, is $184,636.10 [(1166 days x $158.35)]. When the prejudgment interest through April 25, 2016 is combined with the Judgment amount it, sums to $1,010,343.05.[2]

25.  Post-judgment Interest:  In diversity cases, post-judgment interest is calculated under federal law.  Title 28, United States Code, section 1961 provides, in relevant part:

> Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961.  As of the week commencing April 18, 2016, the federal post-judgment interest rate was 0.54%.  Plaintiff is accordingly entitled to post-judgment interest at the rate of 0.54% from the date Judgment is entered in the above-captioned matter until the date the Judgment is fully satisfied.

## IV.

## Order

The uncontroverted facts establish each element of each of Attebury's claims. Summary judgment in favor of Attebury and against Defendants is appropriate. Accordingly:

1.  Defendants are liable to Plaintiff, jointly and severally, for the fraudulent transfer of Superior's assets under California Civil Code section 3439.04(a)(1), plus all applicable costs, fees, and interest.

2.  Defendants are liable to Plaintiff, jointly and severally, for the constructive fraudulent transfer of Superior's assets under each of California Civil Code sections 3439.04(a)(2) and 3439.05, plus all

---

[2] The interest calculation is detailed in the Declaration of Joseph N. Akrotirianakis, filed concurrently with the lodging of this [Proposed] Order.

applicable costs, fees, and interest.

3. Defendants are liable to Plaintiff, jointly and severally, for unjust enrichment under California law, plus all applicable costs, fees, and interest.

4. As successor to Superior, Defendant Grayn Company is liable to Plaintiff for the amount of the Arbitration Award, plus all applicable costs, fees, and interest.

5. As alter egos of Superior, Defendants are jointly and severally liable to Plaintiff for the amount of the Arbitration Award, plus all applicable costs, fees, and interest.

IT IS SO ORDERED.

Dated: May 3, 2016

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

# EXHIBIT 5

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATTEBURY GRAIN, LLC, a limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GRAYN COMPANY, a corporation; VICENTE CORTEZ, an individual,<br><br>Defendants. | Case No. 2:15-cv-05258 R(PJWx)<br><br>**JUDGMENT** |

The Motion of Plaintiff Attebury Grain, LLC ("Attebury"), for Summary Judgment or, in the Alternative, Partial Summary Judgment (the "Motion"), came on regularly for hearing before this Court on April 18, 2016, the Honorable Manuel L. Real, United States District Judge, presiding. The Court, having considered the Motion and all evidence submitted in support thereof and opposition thereto, as well as the argument of counsel, granted the Motion. On April __, 2016, the Court issued a written order granting summary judgment to Attebury on all claims.

Judgment is hereby entered in favor of Plaintiff Attebury and against Defendants Vicente Cortez and Grayn Company, jointly and severally, in the amount of $825,706.95, plus prejudgment interest at the rate of 7% per annum on its

JUDGMENT

014783.00008<br>13980872.1

1 calculable damages of $825,706.95 (which produces a daily rate of $158.35) from
2 February 14, 2013 (the date Plaintiff's damages became calculable), until Judgment
3 is entered in the above-captioned matter.[1]

4     Plaintiff Attebury is also entitled to post-judgment interest at the rate of
5 0.54%, the weekly average one-year constant maturity Treasury yield, as published
6 by the Board of Governors of the Federal Reserve System, for the calendar week
7 commencing April 18, 2016, as well as its costs of suit. Plaintiff Attebury is
8 directed to submit a bill of costs.

9     IT IS SO ORDERED AND ADJUDGED.

11 Dated: May 3, 2016

13     THE HONORABLE MANUEL L. REAL
14     UNITED STATES DISTRICT JUDGE

---

27 [1] As of April 25, 2016, the prejudgment interest since February 14, 2013, is
28 $184,636.10 (1166 days x $158.35). When the prejudgment interest through April 25, 2016, is combined with the judgment amount, it sums to $1,010,343.05.

# EXHIBIT 6



**NOTICE OF JUDGMENT LIEN**
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form)

A. NAME & PHONE OF FILER'S CONTACT (optional)
JOSEPH N. AKTROTIRIANAKIS, ESQ.
(562) 653-3200

B. SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)
Joseph N. Akrotirianakis, Esq.
Anthony P. Niccoli, Esq.
ATKINSON ANDELSON LOYA RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA  90703

**16-7524935507**

**05/11/2016 15:45**



**FILED**
CALIFORNIA
SECRETARY OF STATE



55050300002   UCC 1 FILING

THIS SPACE FOR FILING OFFICE USE ONLY

1. JUDGMENT DEBTOR'S EXACT LEGAL NAME -Insert only one name, either 1 a or 1b. Do not abbreviate or combine names.

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| GRAYN COMPANY | | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
| | | | | | |
| 1C. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 4530 Seville Avenue | Vernon | CA | 90058 | | USA |

2. JUDGMENT CREDITOR'S NAME- Do not abbreviate or combine names.

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| ATTEBURY GRAIN, LLC | | | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | | | SUFFIX |
| | | | | | |
| 2c.. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| 3905 Bell Street, Suite A | Amarillo | TX | 79109 | | USA |

3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.

A. Title of court where judgment was entered:  U.S. District Court, Central District of California, Western Division

B. Title of the action: Attebury Grain, LLC v. Grayn Company, a corporation; Vicente Cortez, an individual

C. Number of this action: 2:15-cv-05258 R(PJWx)

D. Date judgment was entered: May 3, 2016

E. Date of subsequent renewals of judgment (if any): N/A

F. Amount required to satisfy judgment at date of this notice: $ 1,010,343.05

G. Date of this notice: May 9, 2016

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

_Anthony P. Niccoli_

SIGNATURE - SEE INSTRUCTION NO. 4
Anthony P. Niccoli, Esq.

FOR: Judgment Creditor, Attebury Grain LLC

Dated: May 9, 2016

(If not indicated, use same as date in item 3G.)

FILING OFFICE COPY

NOTICE OF JUDGMENT LIEN (FORM JL1) (Rev. 6/01)
Approved by the Secretary of State

American LegalNet, Inc.
www.USCourtForms.com

## JUDGMENT LIEN ADDENDUM
FOLLOW INSTRUCTIONS CAREFULLY (FRONT AND BACK OF FORM)

**5. NAME OF JUDGMENT DEBTOR:** (NAME OF FIRST DEBTOR ON RELATED JUDGMENT LIEN)

| 5a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| GRAYN COMPANY | | | |
| 5b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**6. ADDITIONAL JUDGMENT DEBTOR** - insert only one name (6a or 6b):

| 6a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| CORTEZ | VICENTE | | | |
| 6c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9529 Garvey Avenue | El Monte | CA | 91733 | USA |

**7. ADDITIONAL JUDGMENT DEBTOR** - insert only one name (7a or 7b):

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

**8. ADDITIONAL JUDGMENT DEBTOR** - insert only one name (8a or 8b):

| 8a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 8b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 8c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

**9. ADDITIONAL JUDGMENT CREDITOR** - insert only one name (9a or 9b):

| 9a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 9c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

**10. ADDITIONAL JUDGMENT CREDITOR** - insert only one name (10a or 10b):

| 10a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| 10b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

(1) FILING OFFICER COPY – JUDGMENT LIEN ADDENDUM FORM (REV. 6/01)

CA Secretary of State

American LegalNet, Inc.
www.USCourtForms.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**PROOF OF SERVICE**

[FRCP 5(B)]

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 12800 Center Court Drive South, Suite 300,Cerritos, California 90703-9364.

On May 9, 2016, I served the following document(s) described as **NOTICE OF JUDGMENT LIEN** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

GRAYN COMPANY
Vicente Cortez (Registered Agent)
4530 Seville Avenue
Vernon, CA  90058

VICENTE CORTEZ
9529 Garvey Avenue
El Monte, CA  91733-105

☑ **BY MAIL:** I placed the envelope for collection and mailing following the firm's ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 9, 2016 at Cerritos, California.

MARY BUENAVENTURA

# EXHIBIT 7



**This page is part of your document - DO NOT DISCARD**

## 20160553250




**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**05/13/16 AT 02:50PM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 30.00 |



**L E A D S H E E T**



201605133310033

**00012088289**



007552285

**SEQ:**
**03**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

**When Recorded Mail To:**

**Joseph N. Akrotirianakis**
**Anthony P. Niccoli**
Atkinson Andelson Loya Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA  90703



05/13/2016

*20160553250*

## Title(s)

# Abstract of Judgment

WHEN RECORDED MAIL TO:

Joseph N. Akrotirianakis     SBN 197971
Anthony P. Niccoli          SBN 219118
ATKINSON ANDELSON LOYA RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA  90703
Telephone (562) 653-3200     Fax (562) 653-3333

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ATTEBURY GRAIN, LLC, a limited liability company | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | CV ___ 2:15-cv-05258 R(PJWx) |
| v. | |
| GRAYN COMPANY, a corporation; VICENTE CORTEZ, an individual | **ABSTRACT OF JUDGMENT/ORDER** |
| DEFENDANT(S). | |

I certify that in the above-entitled action and Court, Judgment/Order was entered on  May 3, 2016

in favor of Plaintiff ATTEBURY GRAIN, LLC

whose address is c/o Atkinson Andelson Loyra Ruud & Romo, 12800 Center Court Drive, Suite 300, Cerritos, CA 90703

and against  VICENTE CORTEZ, an individual

whose last known address is 9529 Garvey Avenue, El Monte, CA  91733-1015

for $ 825,706.95 _____ Principal,  $ 184,636.10 _____ Interest,  $ 0.00 _____ Costs,

and $ 0.00 _____ Attorney Fees.

ATTESTED this  12th  day of May _____ , 2016.

Judgment debtor's driver's license no. and state: _____ (last 4 digits) ☒ Unknown.

Judgment debtor's Social Security number; 5572 _____ (last 4 digits) ☐ Unknown.

☒ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:

Robert S. Altagen, Esq.
1111 Corporate Center Drive, Suite 201
Monterey Park, CA  91754

CLERK, U.S. DISTRICT COURT

By _____

Deputy Clerk

1202

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)                    ABSTRACT OF JUDGMENT/ORDER



RECORDING REQUESTED BY AND MAIL TO:
(Name and mailing address, including city, state,
and ZIP code, of requesting party)

JOSEPH N. AKROTIRIANAKIS, ESQ.
ANTHONY P. NICCOLI, ESQ.
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA  90703

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

22.00

\* S R 0 0 0 8 3 7 3 9 3 7 S \*

2016000215387 12:20 pm 05/13/16
227 417 A03 F13   2
0.00 0.00 0.00 0.00 3.00 10.00 0.00 0.00

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# DOCUMENT TITLE

☒  ABSTRACT OF JUDGMENT

☐  ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

☐  OTHER *(specify):* _____

WHEN RECORDED MAIL TO:

Joseph N. Akrotirianakis     SBN 197971
Anthony P. Niccoli          SBN 219118
ATKINSON ANDELSON LOYA RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA  90703
Telephone (562) 653-3200      Fax (562) 653-3333

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTEBURY GRAIN, LLC, a limited liability company | CASE NUMBER: |
| PLAINTIFF(S), | CV   2:15-cv-05258 R(PJWx) |
| v. | |
| GRAYN COMPANY, a corporation; VICENTE CORTEZ, an individual | **ABSTRACT OF JUDGMENT/ORDER** |
| DEFENDANT(S). | |

I certify that in the above-entitled action and Court, Judgment/Order was entered on  May 3, 2016

in favor of Plaintiff ATTEBURY GRAIN, LLC

whose address is c/o Atkinson Andelson Loyra Ruud & Romo, 12800 Center Court Drive, Suite 300, Cerritos, CA 90703

and against VICENTE CORTEZ, an individual

whose last known address is 9529 Garvey Avenue, El Monte, CA  91733-1015

for $825,706.95          Principal,   $ 184,636.10          Interest,   $ 0.00          Costs,

and $0.00          Attorney Fees.

ATTESTED this  12th          day of May          , 2016.

Judgment debtor's driver's license no. and state;          (last 4 digits) ☒ Unknown.

Judgment debtor's Social Security number; 5572          (last 4 digits) ☐ Unknown.

☒  No stay of enforcement ordered by Court

☐  Stay of enforcement ordered by Court, stay date ends

Judgment debtor's attorney's name and address and/or address at which summons was served:

Robert S. Altagen, Esq.
1111 Corporate Center Drive, Suite 201
Monterey Park, CA  91754

CLERK, U.S. DISTRICT COURT

By

Deputy Clerk

1202

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)                    ABSTRACT OF JUDGMENT/ORDER



Joseph N. Akrotirianakis     SBN 197971
Anthony P. Niccoli            SBN 219118
ATKINSON ANDELSON LOYA RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA 90703
Telephone (562) 653-3200      Fax (562) 653-3333

**2016-0197426**
05/13/2016 04:34 PM
***Customer Copy Label***
The paper to which this label is affixed
has not been compared with the
filed/recorded document

Peter Aldana
County Of Riverside
Assessor-County Clerk-Recorder

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTEBURY GRAIN, LLC, a limited liability company | CASE NUMBER: |
| PLAINTIFF(S), | CV   2:15-cv-05258 R(PJWx) |
| v. | |
| GRAYN COMPANY, a corporation; VICENTE CORTEZ, an individual | **ABSTRACT OF JUDGMENT/ORDER** |
| DEFENDANT(S). | |

I certify that in the above-entitled action and Court, Judgment/Order was entered on  May 3, 2016

in favor of Plaintiff ATTEBURY GRAIN, LLC

whose address is  c/o Atkinson Andelson Loyra Ruud & Romo, 12800 Center Court Drive, Suite 300, Cerritos, CA 90703

and against  VICENTE CORTEZ, an individual

whose last known address is  9529 Garvey Avenue, El Monte, CA 91733-1015

for $ 825,706.95 _____ Principal,   $ 184,636.10 _____ Interest,   $ 0.00 _____ Costs,

and $ 0.00 _____ Attorney Fees.

ATTESTED this  12th  day of May , 2016.

Judgment debtor's driver's license no. and state; _____ (last 4 digits) ☒ Unknown.

Judgment debtor's Social Security number: 5572 _____ (last 4 digits) ☐ Unknown.

☒ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:

Robert S. Altagen, Esq.
1111 Corporate Center Drive, Suite 201
Monterey Park, CA 91754

CLERK, U.S. DISTRICT COURT

By _____
1:02                     Deputy Clerk

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)                    ABSTRACT OF JUDGMENT/ORDER

American LegalNet, Inc.
www.FormsWorkFlow.com

RECORDING REQUESTED BY AND MAIL TO:
*(Name and mailing address, including city, state, and ZIP code, of requesting party)*

JOSEPH N. AKROTIRIANAKIS, ESQ.
ANTHONY P. NICCOLI, ESQ.
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA  90703

Recorded in Official Records, County of San Bernardino

**BOB DUTTON**
ASSESSOR – RECORDER – CLERK

P Counter

5/13/2016
4:13 PM
EM
SAN

Doc#:  **2016 – 0187969**

| | |
|---|---|
| Titles:  1 | Pages:  2 |
| Fees | 31.00 |
| Taxes | 0.00 |
| Other | 6.00 |
| PAID | $37.00 |

⌐ SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE ¬

# DOCUMENT TITLE

☒  ABSTRACT OF JUDGMENT

☐  ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

☐  OTHER *(specify):* _____

**RECORDER'S COVER SHEET**

76aR855 **CI-229**  (New 7-96)

Govt. code §27361.6

American LegalNet, Inc.
www.FormsWorkflow.com

*WHEN RECORDED MAIL TO:*

Joseph N. Akrotirianakis     SBN 197971
Anthony P. Niccoli     SBN 219118
ATKINSON ANDELSON LOYA RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA  90703
Telephone (562) 653-3200     Fax (562) 653-3333

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ATTEBURY GRAIN, LLC, a limited liability company

PLAINTIFF(S),

v.

GRAYN COMPANY, a corporation; VICENTE
CORTEZ, an individual

DEFENDANT(S).

CASE NUMBER:

CV __2:15-cv-05258 R(PJWx)__

**ABSTRACT OF JUDGMENT/ORDER**

I certify that in the above-entitled action and Court, Judgment/Order was entered on  May 3, 2016
in favor of Plaintiff ATTEBURY GRAIN, LLC
whose address is c/o Atkinson Andelson Loyra Ruud & Romo, 12800 Center Court Drive, Suite 300, Cerritos, CA 90703
and against VICENTE CORTEZ, an individual
whose last known address is 9529 Garvey Avenue, El Monte, CA  91733-1015
for $825,706.95              Principal,   $ 184,636.10              Interest,   $ 0.00                          Costs,
and $0.00                          Attorney Fees.

ATTESTED this  17th           day of May                       , 2016.
Judgment debtor's driver's license no. and state;                      (last 4 digits) ☒ Unknown.
Judgment debtor's Social Security number; 5572                      (last 4 digits) ☐ Unknown.
☒  No stay of enforcement ordered by Court
☐  Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:
Robert S. Altagen, Esq.
1111 Corporate Center Drive, Suite 201
Monterey Park, CA  91754

CLERK, U.S. DISTRICT COURT

By _____
Deputy Clerk

1202

***NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.***

G-18 (03/12)                              ABSTRACT OF JUDGMENT/ORDER



RECORDING REQUESTED BY AND MAIL TO:
*(Name and mailing address, including city, state,
and ZIP code, of requesting party)*



20160614-00082302-0 1/2
Ventura County Clerk and Recorder
MARK A. LUNN
06/14/2016 12:22:24 PM
1074025 $40.00 OR

JOSEPH N. AKROTIRIANAKIS, ESQ.
ANTHONY P. NICCOLI, ESQ.
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300
Cerritos, CA  90703

⌐ SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE ⌐

# DOCUMENT TITLE

☒ ABSTRACT OF JUDGMENT

☐ ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

☐ OTHER *(specify)*: _____

LIEN NOTICE MAILED

76aR855 **CI-229** (New 7-96)

**RECORDER'S COVER SHEET**

Govt. code §27361.6

American LegalNet, Inc.
www.FormsWorkflow.com

*WHEN RECORDED MAIL TO:*
Joseph N. Akrotirianakis    SBN 197971
Anthony P. Niccoli        SBN 219118
ATKINSON ANDELSON LOYA RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA 90703
Telephone (562) 653-3200    Fax (562) 653-3333

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ATTEBURY GRAIN, LLC, a limited liability company

PLAINTIFF(S),

v.

GRAYN COMPANY, a corporation; VICENTE
CORTEZ, an individual

DEFENDANT(S).

CASE NUMBER:

CV   2:15-cv-05258 R(PJWx)

### ABSTRACT OF JUDGMENT/ORDER

I certify that in the above-entitled action and Court, Judgment/Order was entered on  May 3, 2016
in favor of Plaintiff ATTEBURY GRAIN, LLC
whose address is c/o Atkinson Andelson Loya Ruud & Romo, 12800 Center Court Drive, Suite 300, Cerritos, CA 90703
and against VICENTE CORTEZ, an individual
whose last known address is 9529 Garvey Avenue, El Monte, CA 91733-1015        ~~Item notice mailed to debtor at~~ ~~address shown Govt Code 27297 A~~
for $825,706.95        Principal,  $ 184,636.10        Interest,  $ 0.00        Costs,
and $0.00            Attorney Fees.

ATTESTED this      **19TH**      day of May          , 2016.
Judgment debtor's driver's license no. and state;                      (last 4 digits) ☒ Unknown.
Judgment debtor's Social Security number; 5572              (last 4 digits) ☐ Unknown.
☒  No stay of enforcement ordered by Court
☐  Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:
Robert S. Altagen, Esq.
1111 Corporate Center Drive, Suite 201
Monterey Park, CA 91754

CLERK, U.S. DISTRICT COURT

By _____
                    Deputy Clerk

1174

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN*
*AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)                    ABSTRACT OF JUDGMENT/ORDER


American LegalNet, Inc.
www.FormsWorkFlow.com

*Please complete this information.*

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Joseph N. Akrotirionkis
Anthony P. Niccoli
Atkinson Andelson Loya Rudd & Romo
12800 Center Court Drive, Suite 300
Cerritos, Ca. 90703
Telephone (562) 653-32 Fax (562) 653-3333

DOC# 2016-0250791

May 23, 2016  04:40 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:  $21.00

PAGES: 3

Space above this line reserved for Recorder's Use Only
Govt. Code 26361.6

Abstract of Judgment / Order

(Please fill in document title(s) on this line)
Govt. Code 27324

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
Govt. Code 27361.6
(Additional recording fee applies)

- 67 -

*WHEN RECORDED MAIL TO:*

Joseph N. Akrotirianakis      SBN 197971
Anthony P. Niccoli            SBN 219118
ATKINSON ANDELSON LOYA RUUD & ROMO
12800 Center Court Drive, Suite 300
Cerritos, CA  90703
Telephone (562) 653-3200      Fax (562) 653-3333

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ATTEBURY GRAIN, LLC, a limited liability company

PLAINTIFF(S),

v.

GRAYN COMPANY, a corporation; VICENTE
CORTEZ, an individual

DEFENDANT(S).

CASE NUMBER:

CV ___2:15-cv-05258 R(PJWx)___

### ABSTRACT OF JUDGMENT/ORDER

*I certify that in the above-entitled action and Court, Judgment/Order was entered on*  May 3, 2016
in favor of Plaintiff ATTEBURY GRAIN, LLC
whose address is c/o Atkinson Andelson Loya Ruud & Romo, 12800 Center Court Drive, Suite 300, Cerritos, CA 90703
and against  VICENTE CORTEZ, an individual
whose last known address is 9529 Garvey Avenue, El Monte, CA  91733-1015
for $825,706.95               Principal,   $ 184,636.10           Interest,   $ 0.00                   Costs,
and $0.00                 Attorney Fees.

ATTESTED this _____**19TH**_____ day of May_____, 2016.
Judgment debtor's driver's license no. and state; _____ (last 4 digits) ☒ Unknown.
Judgment debtor's Social Security number; 5572_____ (last 4 digits) ☐ Unknown.
☒  No stay of enforcement ordered by Court
☐  Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:
Robert S. Altagen, Esq.
1111 Corporate Center Drive, Suite 201
Monterey Park, CA  91754
_____

_____

CLERK, U.S. DISTRICT COURT

By _____
                    Deputy Clerk

1174

*NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN
AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.*

G-18 (03/12)                          ABSTRACT OF JUDGMENT/ORDER

American LegalNet, Inc.
www.FormsWorkFlow.com

# TRUE COPY CERTIFICATION

(Government Code 27361.7)

San Diego County
_____
Place of Execution

I certify under penalty of perjury that this material is a true copy of the original material contained in this document.

5-23-16
_____
Date

_____
Signature of Declarant

Court
Seal of the U.S. District Court

Jeff Bochert
_____
Type or Print Name

Rec. Form #R9 (8-17-97)

- 69 -

# EXHIBIT 8




This page is part of your document - DO NOT DISCARD



## 20160593395



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

05/24/16 AT 08:00AM

| FEES: | 38.00 |
|---|---|
| TAXES: | 112.75 |
| OTHER: | 0.00 |
| PAID: | 150.75 |






LEADSHEET



201605240270031

00012130056



007572310

SEQ:
15

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED



T24

2

RECORDING REQUESTED BY:
Provident Title Company
Order No. 1159474
Escrow No. 5056296-ES
Parcel No. 5247-024-034

AND WHEN RECORDED MAIL TO:

VAC PROPERTIES, LLC.
170 S. MCDONNELL AVE.
LOS ANGELES, CA 90022



SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $112.75 and CITY $ 461.25

☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☒ unincorporated area:     ☐ City of Los Angeles, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Vicente A. Cortez and Juana F Cortez, Husband and Wife as Community Property

hereby GRANT(S) to     VAC Properties, LLC., a California Limited Liability Company

the following described real property in the County of Los Angeles, State of California:

Legal Description attached hereto as exhibit "A" and made a part hereof

Also known as: 3629 Gratian Street, Los Angeles, CA

Date: May 20, 2016

Vicente A. Cortez

Juana F Cortez

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF Los Angeles     } S.S.

On 5/20/2016 before me, Eun Young Lee, Notary Public
personally appeared Vicente A Cortez and Juana F Cortez who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____     (Seal)

EUN YOUNG LEE
COMM. # 2066663
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES MAY 17, 2018

Mail tax Statements to: Same as above

15d

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_                )

On ___5/20/2016___ before me, _Eun Young Lee, Notary Public_
(insert name and title of the officer)

personally appeared _Vicente A. Cortez and Juana F. Cortez_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

EUN YOUNG LEE
COMM. # 2068653
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES MAY 17, 2018

EXHIBIT "A"

4

PARCEL 2 OF PARCEL MAP NO. 13683, IN THE COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 143 PAGE 61 OF PARCEL MAPS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ASSESSOR'S PARCEL NUMBER: 5247-024-034